164 U.S. 252 (1896)
FOWLER
v.
LAMSON.
No. 88.
Supreme Court of United States.
Argued and submitted November 9, 1896.
Decided November 30, 1896.
ERROR TO THE SUPREME COURT OF THE STATE OF ILLINOIS.
Mr. E.F. Thompson for plaintiffs in error. Mr. G.W. Delamater, Mr. Frank H. Clark and Mr. William H. Wilkins were on his brief.
*253 Mr. L.H. Bisbee and Mr. D.M. Kirton for defendants in error submitted on their brief.
MR. JUSTICE PECKHAM delivered the opinion of the court.
The printed record which is before this court in this case is so fragmentary in its nature as to leave no foundation for us to even guess that there was a Federal question in the case or that it was decided by the state court against the right now set up by plaintiffs in error.
The record opens with an assignment of errors which it is alleged were made by the Supreme Court of Illinois, and fourteen grounds of error are set forth, many of them setting up that such court, by the judgment in suit, erred in the decision of several Federal questions. Then follows the writ of error. Then comes what is termed a decree in the case of George Fowler v. The Cherokee Brilliant Coal and Mining Company and others, in the Superior Court of Cook County, Illinois, which decree, after reciting the fact of a hearing and a reference to a master in chancery and his report thereon, proceeds to make certain findings of fact, and to give extracts from the constitution and statutes of Kansas, which, briefly stated, are as follows:
(1.) The incorporation of the coal and mining company under the statutes of Kansas.
(2.) An extract from the constitution and statutes of Kansas providing for a double liability of stockholders of an insolvent corporation.
(3.) An extract from the statutes of Kansas providing for the dissolution of corporations and for a recovery against the stockholders therein for debts due from the company.
(4.) An extract from the statutes of limitation of Kansas relating to absconding or concealed debtors.
(5.) Findings of indebtedness from the coal and mining company to the Fowlers, plaintiffs in error; the giving of a note and mortgage for such indebtedness, and default in the payment thereof and a dissolution of the company.
(6.) The recovery of judgment in Illinois in favor of the *254 plaintiffs in error herein on account of the debt due them from the corporation; the issue and return of execution upon such judgment wholly unsatisfied.
(7.) The ownership of stock in the company by the Lamsons.
Upon these findings the decree directs a recovery by the plaintiffs herein against the defendants Lamsons, stockholders in the dissolved and insolvent corporation, of the amount of the Illinois judgment against the corporation which had been obtained by plaintiffs herein.
This decree is followed in the record by an order made by the appellate court in Illinois reversing the decree of the court below. Then follows an assignment of errors committed by the court in ordering such reversal, after which the opinion of Judge Wilken of the Supreme Court of Illinois is printed, which affirms the judgment of the appellate court. In that opinion no Federal question is discussed or decided. The point actually decided by the Supreme Court of Illinois was, as shown by that opinion, that the constitution and statutes of Kansas in relation to the liability of stockholders in an insolvent corporation provide a special remedy for enforcing that liability, and that such remedy only could be pursued, and that the courts of Illinois would not enforce a statutory liability under a Kansas statute providing a special remedy against stockholders. Following this opinion is a decree of affirmance by the Supreme Court of Illinois; after which comes a petition for a writ of error from this court and an allowance thereof. This completes the record.
It will be seen that there are no pleadings in the record; no evidence is returned; no exceptions to any decision of the court are to be found; no request to the court to find upon any Federal question; no refusal of the court to find and no finding upon any such question. Thus there is an entire absence in this whole record of any fact showing that the Supreme Court of Illinois or either of the lower courts decided any Federal question whatever. The assignment of errors alleged to have been made by the Illinois Supreme Court is unavailable for the purpose of showing any Federal question decided, where the record itself does not show that *255 any such question was passed upon by the state court. Missouri Pacific Railway v. Fitzgerald, 160 U.S. 556, 575.
Where a case is brought to this court on error or appeal from a judgment of a state court, unless it appear in the record that a Federal question was raised in the state court before the entry of final judgment in the case, this court is without jurisdiction. Simmerman v. Nebraska, 116 U.S. 54.
It has also been frequently decided that, to give this court jurisdiction on writ of error to a state court, it must appear affirmatively, not only that a Federal question was presented for decision by the state court, but that its decision was necessary to the determination of the cause, and that it was decided adversely to the party claiming a right under the Federal laws or Constitution, or that the judgment as rendered could not have been given without deciding it. Eustis v. Bolles, 150 U.S. 361; California Powder Works v. Davis, 151 U.S. 389, 393; Missouri Pacific Railway Company v. Fitzgerald, 160 U.S. 556, 576.
Nothing of the kind appears from this record, and the writ of error must, therefore, be
Dismissed.