# CHAPPELL CHEMICAL AND FERTILIZER COMPANY *v.* SULPHUR MINES COMPANY (No. 1).

ERROR TO THE COURT OF APPEALS OF THE STATE OF MARYLAND.

No. 91. Argued December 16, 1898. — Decided January 9, 1899.

The decision of the Maryland Court of Appeals in this case rests on grounds other than those dependent on Federal questions, if any such questions were raised, and the writ of error must be dismissed.

THE case is stated in the opinion.

*Mr. Thomas C. Chappell* for plaintiff in error.

*Mr. James M. Ambler* and *Mr. Randolph Barton* for de-

fendant in error.    *Mr. Skipwith Wilmer* and *Mr. Randolph Barton, Jr.*, were on their brief.

MR. JUSTICE MCKENNA delivered the opinion of the court.

This is a suit in equity to restrain the enforcement of a certain writ of attachment and execution issued on a judgment recovered against plaintiff in error.    The original bill alleges that the judgment is absolutely void.    The following are some of its allegations :

" That the said purported judgment was recovered by the said defendant against your orator in the superior court for Baltimore city, before the judge at large, and that said judgment is rendered *coram non judice*, and your orator herewith files a certified copy of the docket entries in said case, marked ' Complainants' Exhibit B,' reference being had thereto.

" That the entry on said docket, that the case was submitted to the judge, is absolutely fraudulent, and that there is a motion pending in said case to correct said fraudulent docket entry.

" That your orator is advised that the said case was not before said judge at large when said judgment was rendered, and said judge had no jurisdiction or authority at law to render said judgment.

" That the said judgment was made absolute by the said judge at large, while there was pending a motion to strike out the verdict and the judgment thereon, and your orator insists that said judgment is absolutely void, and rendered *ultra vires*, and said motion to strike out the judgment is still pending in said superior court."

It is also alleged that there was pending in the case a motion to quash the attachment.    There were exhibits filed with the bill.    A demurrer was interposed.    Subsequently an amended and supplemental bill was filed, containing additional allegations of proceedings, and the prayer was also broadened.

To this bill a demurrer was again filed, and the ground of it stated to be that the bill did not state such a case as entitled plaintiff to any relief in equity.

The demurrer was sustained, and the bills dismissed on the 2d of June, 1896.

On the 22d of August, 1896, the plaintiff presented a petition for leave to file an ancillary bill in the following words:

"The said plaintiff, by Thomas C. Chappell, its attorney, reserving every manner of advantage and exception whatsoever, shows to this honorable court:

"I. That since the decree was passed in this case dismissing the bill of complaint herein, the motions of the said Chappell Chemical Fertilizer Company in the case of *The Sulphur Mines Company of Virginia* v. *The Chappell Chemical and Fertilizer Company*, which said motions are referred to in the original and supplemental bills filed herein, have been overruled.

"II. That an appeal from the order of the court in said action at law is not an adequate remedy, and that under art. 16, sec. 69, Code Pub. Gen. Laws of Maryland, the said plaintiff herein is entitled to an injunction to enjoin the said plaintiff herein from reaping any benefit from the said purported judgment, and from occasioning this plaintiff any damage by any proceedings in said pretended judgment.

"III. That while the filing of an amended or an ancillary or supplemental bill is in the discretion of the court, that discretion is to be exercised within prescribed legal and equitable limitations, according to the decision of the Court of Appeals.

"IV. That the property of this plaintiff is tied up and rendered *extra commercium*, and placed in such a position and its title so clouded by this invalid and illegal judgment delivered in a court without jurisdiction, and *coram non judice*, and in violation of the Seventh Amendment and the Fourteenth Amendment of the Constitution of the United States, under which the said plaintiff specially sets up and claims a right, privilege and immunity, that the said plaintiff is entitled to file an amended, supplemental and ancillary bill herein, fully setting forth all the facts, and insists that said illegal and invalid judgment should be cancelled by this honorable court, whose province is to prevent wrong and to do right, and the

said plaintiff claims that it is being deprived of its liberty and its property without due process of law, and that under the declaration of rights of the State of Maryland, art. 5, and the constitution of the State and law of the State as laid down by the Court of Appeals of Maryland, it was entitled to a trial by jury in said case at law, having demanded such trial, and that the action of the judge at large in denying that right and in trying said case after an appeal from an order affecting a constitutional right, without a jury and *ex parte* and without notice to this plaintiff, and without an opportunity to be heard, and without any trial of the facts, and the finding of a verdict by the judge at large upon the false and fraudulent testimony of the officer of the said Sulphur Mines Company of Virginia, at said *ex parte* trial, all of which this plaintiff charges is the enforcement of law and a regulation of the State abridging a privilege and immunity of this plaintiff, which is a citizen of the United States, and is repugnant to the Fourteenth Amendment of the Constitution of the United States, and every judge and all the people are bound by the Constitution of the United States, art. 2, declaration of rights of the State of Maryland, article 6, Constitution of the United States. Wherefore your petitioner prays leave to file an ancillary bill of complaint herein, and specially sets up and claims the privilege and specially sets up and claims that any denial of the said privilege will be a denial of the equal protection of the laws and repugnant to the Fourteenth Amendment of the Constitution of the United States.

> " THOS. C. CHAPPELL,
> " *Att'y for Plaintiff*."

On the same day leave to file the bill was refused, and the plaintiff, on the 25th of August, 1896, filed the following :

" The said plaintiff, by Thomas C. Chappell, attorney, reserving every manner of advantage and exception whatsoever, excepts to the order of court requiring the demurrer filed in this case to be argued before all of the defendants had been served with subpœna, and to the order of court dismissing the original and supplemental bills of complaint herein, and to

the order of court refusing to the plaintiff the right and privilege to file an ancillary bill, and specially sets up and claims that said orders abridge a privilege and immunity of the said plaintiff, a citizen of the United States, and are repugnant to the Fourteenth Amendment of the Constitution of the United States, under which said plaintiff specially set up and claim a right, privilege and immunity.

" THOS. C. CHAPPELL,<br>
" <i>Attorney for Plaintiff.</i>"

And on the same day the following :

" Mr. Clerk: Please enter an appeal from the decree in this case dated the 22d day of August, 1896.

" THOS. C. CHAPPELL,<br>
" <i>Attorney for Plaintiff.</i>"

Then follow in the record certain papers which presumably were necessary to perfect the appeal.

The record contains two opinions and two judgments of the Court of Appeals, all dated the same day. The one which comes first in the record considers and affirms the decree of the lower court sustaining the demurrer and dismissing the bills entered June 2, 1896; the other affirms the order of the 22d of August, 1896, refusing leave to file the ancillary bill.

The following is the opinion of the court on the latter:

" The decree of the court sustaining the demurrer and dismissing the original and supplemental bills of The Chappell Chemical and Fertilizer Company against The Sulphur Mines Company of Virginia *et al.* was passed June 2, 1896. On the next day an appeal was entered, which we have just considered. On the 22d day of August, 1896, over two months and a half after the appeal was taken and while it was still pending, the appellant filed in the original case a petition asking leave to file ' an ancillary bill of complaint herein.' The court very promptly and properly refused to allow it to be done. From that order this appeal was taken.

" Even after a court of equity has sustained a demurrer to a bill, it can grant leave to amend if it can be seen that the de-

fects can be remedied by amendment, and the court is of the opinion that substantial justice requires it. But when an application to amend is not made within a reasonable time and the bill is dismissed, it is out of court, and there is nothing to amend. In this case, instead of asking the court to strike out the decree dismissing the bill so that it could amend, the appellant took an appeal. The case was thus beyond the right of the plaintiff to amend or to file a supplemental or 'ancillary' bill. But, in addition to that, the reasons assigned in the petition were not sufficient to authorize the interposition of a court of equity. The order of the court in refusing to allow the plaintiff to file an 'ancillary bill' must be affirmed.

"Order affirmed with costs to the appellee."

There is more confusion when we come to the petition for writ of error. It does not distinguish between these judgments except by a reference to the assignment of errors. The petition recites "that on or about the 5th day of June, 1897, this court [Court of Appeals] entered a decree herein in favor of the defendant, the appellee, and against this plaintiff." It then recites that there was drawn in question the validity of a statute or an authority exercised under the United States, and the decision was against the validity, and also the validity of a statute or an authority exercised under the State on the ground of repugnancy to the Constitution of the United States, and the decision was in favor of the validity, and that "certain errors were committed to the prejudice of this complainant, the appellant, all of which will more fully appear from the assignment of errors, which will be duly filed herein."

The assignment of errors is as follows :

"Afterwards, to wit, on the first Monday of October, in this same term, before the Justices of the Supreme Court of the United States, at the Capitol, in the city of Washington, comes The Chappell Chemical and Fertilizer Company, by Thomas C. Chappell, its attorney, and says that in the record and proceedings aforesaid there is manifest error in this, to wit, that the demurrer aforesaid and the matters therein contained are not sufficient in law for The Sulphur Mines Com-

pany of Virginia to have or maintain its aforesaid decree against the said The Chappell Chemical and Fertilizer Company. There is also error in this, to wit, that by the record aforesaid it appears that the decree aforesaid given was given for the said The Sulphur Mines Company of Virginia against the said The Chappell Chemical and Fertilizer Company, whereas by the law of the land the said decree ought to have been given for the said The Chappell Chemical and Fertilizer Company against the said The Sulphur Mines Company of Virginia; and the said The Chappell Chemical and Fertilizer Company prays the judgment and decree aforesaid may be reversed, annulled and held for nothing, and that it may be restored to all things which it has lost by occasion of said judgment, etc."

The writ of error therefore is directed to the decree of the Court of Appeals affirming the decree of the lower court of the 2d of June, 1896, while the only appeal that the record contains is from the decree of the latter of the 22d of August, 1896.

But passing by this confusion, and regarding both decrees before us, we come to the motion to dismiss made by the defendants in error on the ground that no Federal question was raised in the state court.

This is true as to all the pleadings and papers, except the petition of the 22d of August, 1896, for leave to file an ancillary bill. If, however, a Federal question was raised by the petition and on the appeal from the order denying it, the motion to dismiss must nevertheless be granted, because the decision of the Court of Appeals rests on grounds other than those dependent on Federal questions. *Simmerman* v. *Nebraska*, 116 U. S. 54; *Eustis* v. *Bolles*, 150 U. S. 361; *California Powder Works* v. *Davis*, 151 U. S. 389; *Missouri Pacific Railway* v. *Fitzgerald*, 160 U. S. 556; *Fowler* v. *Lamson*, 164 U. S. 252; see also *Iowa Central Railway* v. *Iowa*, 160 U. S. 389; *Long Island Water Supply Co.* v. *Brooklyn*, 166 U. S. 685, and *Miller* v. *Cornwall Railroad Co.*, 168 U. S. 131.

*The writ of error is dismissed.*