## ERIE RAILROAD COMPANY *v.* PURDY.

ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.

No. 171.　Argued and submitted March 6, 1902.—Decided April 7, 1902.

Where a party, drawing in question in this court a state enactment as invalid under the Constitution of the United States, or asserting that the final judgment of the highest court of a State denied to him a right or immunity under the Constitution of the United States, did not raise such question or specially set up or claim such right or immunity in the trial court, this court cannot review such final judgment and hold that the state judgment was unconstitutional, or that the right or immunity so claimed had been denied by the highest court of the State, if that court did nothing more than decline to pass upon the Federal question because not raised in the trial court, as required by the state practice.

If, upon examining the record, this court had found that a Federal question was properly raised, or that a Federal right or immunity was specially claimed in the trial court, then the jurisdiction of this court would not have been defeated by the mere failure of the highest court of the State to dispose of the question so raised, or to pass upon the right or immunity so claimed.

THE case is stated in the opinion of the court.

*Mr. Adelbert Moot* for plaintiff in error.

*Mr. Clarence A. Farnum,* for defendant in error submitted on his brief.

MR. JUSTICE HARLAN delivered the opinion of the court.

Twenty-one actions were brought by Purdy against the Erie Railroad Company, a corporation of New York, to recover penalties under what is known as the Mileage Book Act of that State, being chapter 1027 of the Laws of 1895 which took effect June 15, 1895, as amended by chapter 835 of the Laws of 1896 which took effect May 22, 1896.

The complaint and answer in each case were the same.

Each answer alleged "upon information and belief that the

said act known as chapter 835 of the Laws of 1896, is unconstitutional and void, because it is in violation of the provisions of the Constitution of the United States which commits to Congress the sole power to regulate commerce between the several States, and that it is unconstitutional and void because it is in violation of *various other provisions* of the Constitution of the United States and of the constitution of the State of New York."

This was the only reference, special or general, in the answers, to the Constitution of the United States.

The twenty-one actions were consolidated into one action subject to the plaintiff's right to recover in each one as if they had been separately tried.

At the conclusion of the evidence in behalf of the plaintiff the railroad company moved for a non-suit in each action upon various grounds, the only one that can be regarded as specially setting up or claiming a Federal right or immunity being the fifth, which stated that if the state legislation under which the defendant sought to recover penalties was intended to apply to the railway lines of defendant the acts of the legislature were void, " because they undertake to interfere with or regulate commerce among the States and the acts of Congress in such case made and provided."

It was not assigned as a ground of nonsuit that the statute in question was in violation " of various other provisions " of the Constitution of the United States. Apparently, that ground of defence was abandoned at the trial.

The trial court granted the motion for nonsuit in the last eleven cases, and directed a verdict in favor of the plaintiff for $50 each in the first ten cases; and ordered that the exceptions of each party be heard in the Appellate Division in the first instance, all proceedings in the meantime being stayed.

In the Appellate Division the exceptions of the railroad company were overruled and judgment was ordered for the plaintiff with costs, and that judgment was affirmed in the Court of Appeals of New York. *Purdy* v. *Erie R. R. Co.*, 162 N. Y. 42, 50, 51.

That court, speaking by Judge Cullen, said : " At the opening of the trial the defendant moved to dismiss the complaint

because it failed to state facts sufficient to constitute a cause of action for a penalty. No particular ground for the attack on the complaint is stated. At the close of the evidence, the defendant renewed its motion to dismiss the complaint, but the sole ground on which it assailed the validity of the statute itself was that it constituted an interference with the regulation of interstate commerce, and hence was in violation of the Constitution of the United States. The objection that the statute was an invasion of the defendant's property rights, and contravened, for that reason, either the Constitution of the United States or the constitution of this State, does not anywhere appear in the record, and the rule seems settled that such an objection, to be available here, must have been raised in the courts below. *Vose* v. *Cockcroft*, 44 N. Y. 415; *Delaney* v. *Brett*, 51 N. Y. 78."

Again: " The objection that the statutes of 1895 and 1896 are regulations of interstate commerce, and hence, in conflict with the Federal Constitution, is satisfactorily dealt with in the very clear opinion of Mr. Justice Merwin, of the Appellate Division, delivered in the *Beardsley* case, 15 App. Div. 251. That such a statute, if limited in its scope to transportation wholly within the limits of the State, is a valid exercise of state authority is settled by the decision of the Supreme Court of the United States in *Stone* v. *Farmers' Loan & Trust Co.*, 116 U. S. 307, where it was said : ' It (the State) may, beyond all question, by the settled rule of decision in this court, regulate freights and fares for business done exclusively within the State.' This doctrine has never been overruled or limited; on the contrary, it is fully recognized in the later cases. *Hennington* v. *Georgia*, 163 U. S. 299; *W. U. Tel. Co.* v. *James*, 162 U. S. 650; *L. S. & M. S. R. Co.* v. *Ohio*, 173 U. S. 285. In *Wabash &c. R'y Co.* v. *Illinois*, 118 U. S. 557, a statute of Illinois regulating fares was held void solely on the ground that the act, as interpreted by the Supreme Court of the State, included cases of transportation partly within and partly without the State. It was there stated : 'If the Illinois statute could be construed to apply exclusively to contracts for a carriage which begins and ends within the State, disconnected from a continuous transpor-

tation through or into other States, there does not seem to be any difficulty in holding it to be valid.' There is nothing in the language of the statutes now before us that shows they were intended to affect any but interstate transportation; but if their interpretation is doubtful ' the courts must so construe a statute as to bring it within the constitutional limits, if it is susceptible of such construction.' *Sage* v. *City of Brooklyn*, 89 N. Y. 189; *People* v. *Terry*, 108 N. Y. 1. Within this principle these statutes must be construed as applying to transportation wholly within the State, and as so construed they do not infringe upon the Constitution of the United States."

In a petition for the allowance of a writ of error from this court, the railroad company for the first time expressly referred to the Fourteenth Amendment of the Constitution of the United States as affording it protection against the statute of New York. The same ground was repeated in the assignments of error for this court.

We are asked to determine whether the judgment of the Court of Appeals of New York affirming the judgment of the Supreme Court of the State did not deny to the railroad company a right or immunity secured to it by that clause of the Fourteenth Amendment declaring that no State shall deprive any person of property without due process of law or deny to any person within its jurisdiction the equal protection of the laws.

This question cannot be determined by this court unless it has jurisdiction to review such final judgment of the Court of Appeals of the State.

The statute defining the authority of this court to reëxamine the final judgment of the highest court of a State, gives it jurisdiction " where is drawn in question the validity of a statute of, or an authority exercised under any State, on the ground of their being repugnant to the Constitution, treaties, or laws of the United States, and the decision is in favor of their validity; or where any title, right, privilege or immunity is claimed under the Constitution or any treaty or statute of, or commission held or authority exercised under, the United States, and the decision is against the title, right, privilege or immunity specially

set up or claimed by either party under such Constitution, treaty, statute, commission or authority." Rev. Stat., § 709.

By its answer and its motion for a nonsuit at the close of the plaintiff's evidence, the defendant did distinctly claim that the statute of New York in question was inconsistent with the power of Congress to regulate commerce among the several States. But the Court of Appeals held that the statute was intended to apply and applied only to domestic transportation. We accept this view as to the scope and operation of the statute, and assume that it does not require the railroad company to issue mileage tickets covering the transportation of passengers from one State to another State. So that no Federal question arising under the commerce clause of the Constitution is here for determination.

But the defendant insists that the general allegation in each of its answers, namely, that the statute, besides being void as a regulation of interstate commerce, was in violation " of various other provisions " of the Constitution of the United States, was sufficient to have enabled him, at the trial, to insist that the statute, upon which the actions were based, was repugnant to the Fourteenth Amendment of the Federal Constitution. If the answer had contained no such specific allegation, still, if at the trial of the case the defendant had, in stating the grounds of his motion for nonsuit, or in some other way, distinctly claimed that the statute, on which the actions were based, was inconsistent with that Amendment, then it would have been the duty of the Court of Appeals to determine the question so raised, unless it was waived by the defendant when the case was before that court, or unless its determination could properly be and was placed upon some ground of local or general law adequate to dispose of the case. We state the matter in this way because, as said in *Carter* v. *Texas*, 177 U. S. 442, 447, " the question whether a right or privilege, claimed under the Constitution or laws of the United States, was distinctly and sufficiently pleaded and brought to the notice of a state court, is itself a Federal question, in the decision of which this court, on writ of error, is not concluded by the view taken by the highest court of the State. *Neal* v. *Delaware*, 103 U. S. 370, 396, 397 ;

*Mitchell* v. *Clark*, 110 U. S. 633, 645; *Boyd* v. *Thayer*, 143 U. S. 135, 180."

So, if the highest court of the State, by its final judgment, sustains the validity of a state enactment drawn in question there as repugnant to the Constitution, treaties or laws of the United States, or denies a right, privilege or immunity specially set up or claimed in that court for the first time under the Constitution or any treaty, statute or authority exercised under the United States, this court could review that judgment, although no Federal question was distinctly raised or insisted upon in the trial court.

In the present case the statute was not drawn in question in the trial court as invalid under any clause of the Constitution except the one relating to commerce. It was not even asserted there to be invalid under "various other provisions" of that instrument. The statements in the motion for nonsuit, that "the cause of action alleged in such action has not been proved," and that "no cause of action has been proved in either of the actions consolidated in the action on trial," were too vague and general to indicate that the defendant claimed anything under that Amendment. The record before us is consistent with the idea that the defendant did not claim, in the trial court, in any form, generally or specially, that the statute deprived it of its property without due process of law or denied to it the equal protection of the laws.

We therefore cannot hold that the Court of Appeals, by its final judgment, sustained the validity under the Constitution of the United States of the statute drawn in question by the defendant or that it denied any right or immunity now claimed by it under the Fourteenth Amendment; for that court simply declined to consider any Federal question except that made under the commerce clause of the Federal Constitution, assigning as the reason therefor that no point was made at the trial in respect of any other clause of that instrument. In so holding, the court followed the settled rule of practice in that State. On that practice alone was based its refusal to consider a Federal question not brought to the attention of the trial court. *Vose* v. *Cockcroft,* 44 N. Y. 415; *Delaney* v. *Brett,* 51 N. Y. 78.

Now, where a party—drawing in question in this court a state enactment as invalid under the Constitution of the United States, or asserting that the final judgment of the highest court of a State denied to him a right or immunity under the Constitution of the United States—did not raise such question or specially set up or claim such right or immunity in the trial court, this court cannot review such final judgment and hold that the state enactment was unconstitutional or that the right or immunity so claimed had been *denied* by the highest court of the State, if that court did nothing more than decline to pass upon the Federal question because not raised in the trial court as required by the state practice. *Spies* v. *Illinois,* 123 U. S. 131, 181; *Miller* v. *Texas,* 153 U. S. 535, 538; *Morrison* v. *Watson,* 154 U. S. 111, 115. Of course, if upon examining the record this court had found that a Federal question was properly raised, or that a Federal right or immunity was specially claimed, in the trial court, then our jurisdiction would not have been defeated by the mere failure of the highest court of the State to dispose of the question so raised or to pass upon the right or immunity so claimed.

It results from what has been said that no Federal question is sufficiently presented by the record for our determination; consequently, the writ of error must be

*Dismissed for want of jurisdiction in this court. It is so ordered.*

MR. JUSTICE GRAY did not hear the argument or take part in the decision of this case.