# JACOBI v. ALABAMA.

ERROR TO THE SUPREME COURT OF THE STATE OF ALABAMA.

No. 341. Argued November 7, 1902.—Decided November 17, 1902.

Plaintiff in error was convicted of assault and the judgment was affirmed by the Supreme Court of Alabama; the conviction was the result of a second trial and the alleged victim who testified at the first trial was not present at the second trial; the witness was permanently absent from the State and there was no pretense of absence by procurement, but there was evidence of diligence in attempting to serve process on her.

Evidence of the former testimony of this witness was admitted against defendant's objections based on several grounds, one of which was that he had the constitutional right to be confronted by the witness, but as no reference to the Constitution of the United States was made in the objections, and the constitution of Alabama provides that in all criminal prosecutions the accused has a "right . . . to be confronted by witnesses against him"; *Held,* that the constitutional right was asserted under the state, and not the Federal Constitution.

In the state Supreme Court error was assigned to the admission of the evidence as being in violation of the Fourteenth Amendment, but as the court did not refer to that contention, and as the settled rule in Alabama ir

criminal cases is that when specific grounds of objection are assigned all others are waived, the Supreme Court of the State was not called upon to revise the judgment of the lower court, and this court will not interfere with its action, although if the Supreme Court of the State had passed upon that question the jurisdiction of this court might have been maintained.

Where objection to testimony on the ground that it is in violation of the Constitution of the United States is taken in the highest court of the State for the first time, and that court declines to consider such objection because it was not raised at the trial, the judgment of the state court is conclusive, so far as the right of review by this court is concerned (following *Spies* v. *Illinois*, 123 U. S. 131).

THE case is stated in the opinion of the court.

*Mr. Henry C. Lazarus* for plaintiff in error. *Mr. Lionel Adams, Mr. J. N. Luce* and *Mr. H. Michel* were with him on the brief.

*Mr. Charles G. Brown*, attorney general of the State of Alabama, for defendant in error.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

Jacobi was convicted in the City Court of Montgomery, Montgomery County, Alabama, on an indictment for criminal assault, and the judgment against him was affirmed by the Supreme Court of that State. 32 So. Rep. 158. To revise that judgment this writ of error was brought.

The conviction was the result of a second trial of the case, and the alleged victim of the assault, who had testified at the first trial, was not present at the second. But evidence of her previous testimony was admitted against defendant's objection, and it is contended that thereby defendant was deprived of rights secured by the Federal Constitution, and denied due process of law. The question for us to decide at the outset is whether such a claim was specially set up at the proper time and in the proper way.

The rule is firmly established by the decisions of the highest court of Alabama that when a witness is beyond the jurisdiction of the court, whether he has removed from the State per-

manently, or for an indefinite time, his testimony on a former trial for the same offence may be given in evidence against defendant on a subsequent trial. *Lowe* v. *State,* 86 Alabama, 47; *Perry* v. *State,* 87 Alabama, 30; *Pruitt* v. *State,* 92 Alabama, 41; *Matthews* v. *State,* 96 Alabama, 62; *Burton* v. *State,* 115 Alabama, 1.

In this case evidence was introduced before the trial judge that the witness was not in the State at the time of the trial, and that her absence was of a permanent or indefinite nature. There was no pretense of absence by procurement and there was evidence of diligence in attempting to serve process upon her. It was held that sufficient foundation for the admission of evidence of her former testimony had been laid and the Supreme Court concurred in that conclusion. Defendant objected to this preliminary proof and moved to exclude it on several grounds, one of which was " that the defendant has the constitutional right to be confronted by " the witness. These objections having been overruled, evidence was introduced of the testimony given by the absent witness on direct and cross-examination on the former trial, to which defendant objected on the ground, among others, " that the defendant, Jacobi, has the constitutional right to be confronted by the witnesses against him." The trial judge overruled defendant's objections, and each ground thereof, and admitted the evidence, and defendant duly excepted. No reference to the Constitution of the United States was made in the objections. The constitution of Alabama provided that: " In all criminal prosecutions the accused has a right . . . to be confronted by witnesses against him;" and it is plain that the constitutional right asserted was under the state constitution. *Miller* v. *Cornwall Railroad Company,* 168 U. S. 131; *Kansas Endowment Association* v. *Kansas,* 120 U. S. 103.

After the case reached the state Supreme Court, error was assigned to the admission of the evidence as being in violation of the Fourteenth Amendment. The Supreme Court did not refer to that contention, presumably because of the settled rule in Alabama in criminal cases that when specific grounds of objection to the admission of evidence are assigned, all others

are waived, *McDaniel* v. *The State*, 97 Alabama, 14; and that the Supreme Court will not decide a question relating to the admission of evidence not made and acted on in the trial court. *Freeman* v. *Swan*, 22 Alabama, 106; *Robertson* v. *Robinson*, 65 Alabama, 610. The Supreme Court was therefore not called upon to revise the judgment of the City Court for error not committed, and we cannot interfere with its action in adhering to the usual course of its judgments. If the court, however, had passed upon the question our jurisdiction might have been maintained. *Mallett* v. *North Carolina*, 181 U. S. 589; *Dreyer* v. *Illinois, ante,* 71.

In *Spies* v. *Illinois*, 123 U. S. 131, where objection to the admission of a certain letter, because obtained in violation of the Constitution of the United States, was made in the Supreme Court of the State for the first time, and that court declined to consider the constitutional question supposed to be involved on the ground that it was not raised in the trial court, Mr. Chief Justice Waite said: " To give us jurisdiction under section 709 of the Revised Statutes because of the denial by a state court of any title, right, privilege or immunity claimed under the Constitution, or any treaty or statute of the United States, it must appear on the record that such title, right, privilege or immunity was ' specially set up or claimed ' at the proper time in the proper way. To be reviewable here the decision must be against the right so *set up or claimed.* As the Supreme Court of the State was reviewing the decision of the trial court, it must appear that the claim was made in that court, because the Supreme Court was only authorized to review the judgment for errors committed there, and we can do no more. This is not, as seems to be supposed by one of the counsel for the petitioners, a question of a waiver of a right under the Constitution, laws or treaties of the United States, but a question of claim. If the right was not set up or claimed in the proper court below, the judgment of the highest court of the State in the action is conclusive, so far as the right of review here is concerned." And see *Brooks* v. *Missouri*, 124 U. S. 394; *Baldwin* v. *Kansas*, 129 U. S. 52.

The result is that the writ of error must be

*Dismissed.*