## LAYTON *v.* MISSOURI.

ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No. 69. Submitted November 6, 1902.—Decided December 22, 1902.

Where the record does not show that it was contended in the state court that a state law under which the plaintiff in error was convicted was in contravention of the Constitution of the United States, the objection that the law is unconstitutional must be regarded as relating only to the constitution of the State.

Where the highest court of a State sustains the validity of a statute of the State when tested by the provisions of the constitution of that State, it cannot be regarded as having decided a Federal question because the provisions of the state constitution are similar to those of the Fourteenth Amendment, if it appears from the record that it was not called upon to do so and its decision rested upon another ground.

When the highest court of a State holds that it has no jurisdiction of an appeal on the ground that a constitutional question is involved unless the question was raised in, and submitted to, the trial court, this court cannot interfere with the action of the state court in adhering to that conclusion.

Nor can this court review the final judgment of the state courts on the ground that the validity of state enactments under the Constitution of the United States has been adjudged when those courts have done nothing more than to decline to pass on the Federal question because not raised in the trial court as required by the state practice.

See also *Jacobi* v. *Alabama*, decided this term, p. 133, *ante.*

LAYTON was prosecuted in the St. Louis Court of Criminal Correction, on information, for violation of an act of the general assembly of the State of Missouri, entitled, " An act to prevent the use of unhealthy chemicals or substances in the preparation or manufacture of any article used or to be used in the preparation of food," approved May 11, 1899, and reading as follows :

" SEC. 1. That it shall be unlawful for any person or corporation doing business in this State to manufacture, sell or offer to sell any article, compound or preparation, for the purpose of being used or which is intended to be used in the preparation

of food, in which article, compound or preparation, there is any arsenic, calomel, bismuth, ammonia or alum.

"SEC. 2. Any person or corporation violating the provisions of this act shall be deemed guilty of a misdemeanor and shall, upon conviction, be fined not less than one hundred dollars, which shall be paid into and become a part of the road fund of the county in which such fine is collected." Laws, Missouri, 1899, p. 170.

The information charged that the defendant in the city of St. Louis, then and there doing business in the State of Missouri, unlawfully manufactured, sold and offered for sale a certain compound and preparation for the purpose of its being used and with intent that it should be used in the preparation of food, and that said compound and preparation so manufactured and sold contained alum.

Defendant pleaded not guilty, and, a jury being waived, the cause was submitted to the court for trial.

The compound and preparation consisted of two dozen one pound cans of baking powder and the facts as charged in the information were admitted, but defendant contended that he should not be convicted because the statute was unconstitutional. And he offered voluminous evidence tending to show the details of the manufacture of baking powders of various kinds, and among them baking powders containing alum, as well as the history of the business of the manufacturing, selling and using alum baking powders, which tended to establish that that business was, and had been for many years, very extensive in Missouri and in the United States, and that defendant for some years before the statute was enacted had been engaged in that business. He further offered evidence to the effect that the use of alum in baking powders was wholesome, useful and economical; and that most grocers in Missouri kept and sold alum baking powders, and no harm had been known to result from their use in the preparation of food. All this evidence, on objection by the State for incompetency, irrelevancy and immateriality, was excluded by the court, and defendant excepted.

Defendant asked the court to give six separate instructions predicated on the admission of the testimony which had been

excluded, in which the court was requested to declare the law to be that defendant must be acquitted, if the court sitting as a jury found the facts to be as the excluded evidence tended to show.   These instructions were refused and defendant excepted.

The court found defendant guilty as charged in the information, and assessed the penalty at $100.   Motions for new trial and in arrest were made and overruled, and exceptions taken. Judgment having been entered, defendant perfected an appeal to the Supreme Court of the State of Missouri, and the cause was docketed in Division No. 2 of that court, being the criminal division.   The judgment was affirmed, 160 Missouri, 474, and thereupon defendant moved that the cause be transferred to the court in banc, which motion was overruled.   The case was then brought here on writ of error.

*Mr. Silas H. Strawn* and *Mr. James L. Blair* for plaintiff in error.   *Mr. James H. Seddon* and *Mr. Stanley Stoner* were with them on the brief.

*Mr. E. C. Crow*, attorney general of the State of Missouri, for defendant in error.

MR. CHIEF JUSTICE FULLER, after making the foregoing statement, delivered the opinion of the court.

While it appears from the proceedings on the trial and the grounds assigned for the motion for new trial that the unconstitutionality of the act was relied on in defence, the record does not show that it was contended in the trial court that the act was in contravention of the Constitution of the United States; and it is settled that the objection in the state courts that an act of the State is " unconstitutional and void," relates only to the power of the state legislature under the state constitution. *Miller* v. *Cornwall Railroad Company*, 168 U. S. 131; *Jacobi* v. *Alabama, ante*, p. 133.

In the Supreme Court of Missouri, Division No. 2, Layton filed his statement and brief, which brief contained an assignment of errors, as required by the rules of that court.   Four

errors were assigned, the third of which was that "the court erred in refusing to declare that the law under which the defendant was convicted was unconstitutional and void." This assignment was followed by points, one of which was that "the law under which the defendant was convicted conflicts with the Fourteenth Amendment to the Constitution of the United States, which guarantees to every man the equal protection of the law;" and these points were accompanied by printed arguments, in which it was insisted that the law violated "the guaranties of the constitutions of the State of Missouri and of the United States, in that it deprives the appellant of his liberty and his property without due process of law."

The Supreme Court, however, did not in terms pass on the question whether the act was in contravention of the Constitution of the United States, and on the contrary said that its constitutionality was assailed on two grounds, namely: that it violated the provisions of section 28 of article 4 of the constitution of Missouri, providing that no bill "shall contain more than one subject, which shall be clearly expressed;" and that it conflicted with sections 4 and 30 of article 2 of that constitution, providing "that all persons have a natural right to life, liberty and the enjoyment of the gains of their own industry; that to give security to these things is the principal office of government . . . ;" and "that no person shall be deprived of life, liberty or property without due process of law."

It was held that when an act of the legislature is attacked as unconstitutional because invading the right of the citizen to use his faculties in the production of an article for sale for food or drink, the rule of construction that legislative acts should not be declared void "unless the violation of the constitution is so manifest as to leave no room for reasonable doubt," required the test of constitutionality to be that "if it be an article so universally conceded to be wholesome and innocuous that the court may take judicial notice of it, the legislature, under the constitution, has no right to absolutely prohibit it; but if there is a dispute as to the fact of its wholesomeness for food or drink, then the legislature can either regulate or prohibit it;" and the validity of the act was sustained.

The decision was strictly a decision sustaining its validity when tested by the provisions of the state constitution, and whatever the similarity between the language of those provisions and that of the Fourteenth Amendment the state court cannot be regarded as having decided the Federal question now suggested because necessarily involved in the case, if it appears from the record that it was not called upon to do so, and that its decision rested on another ground.

After judgment was entered affirming the judgment of the trial court, defendant moved that the cause be transferred to the court in banc, and the motion was denied.

By the constitution of Missouri, the Supreme Court was divided into two divisions, Division No. 1, consisting of four judges, and Division No. 2, consisting of three judges, the latter having exclusive cognizance of all criminal causes; and it was provided that cases, in certain circumstances, among others when a Federal question was involved, on the application of the losing party, should be transferred to a full bench for decision. *Duncan* v. *Missouri*, 152 U. S. 377; *Moore* v. *Missouri*, 159 U. S. 673, 679. And see *Railway Company* v. *Elliott*, 184 U. S. 530, as to exclusive appellate jurisdiction of state Supreme Court over cases involving constitutional questions.

It thus appears that the Supreme Court, not only by declining to consider the contention in the brief and argument in respect of the Fourteenth Amendment, but by denying the motion to transfer the cause, was of opinion that the validity of the statute was not so drawn in question for repugnancy to the Constitution of the United States as to require decision as to its validity in that view.

The rules of the court provided : " The brief filed by appellant shall distinctly and separately allege the errors committed by the inferior court, and no reference will be permitted at the argument to the errors not thus specified, unless for good cause shown the court shall otherwise direct." Rule 15, cl. 3, 160 Missouri, Appendix, iv.

By rule of Division No. 2, in criminal cases, printed statements containing assignment of errors and brief of points of argument were required, or, in prosecutions *in forma pauperis*, the same in typewriting. 160 Missouri, Appendix, vi.

Errors were so assigned, but the only one of them which referred to the constitutionality of the act was the third, stating that " the court erred in refusing to declare that the law under which the defendant was convicted was unconstitutional and void." This related to the state constitution, and the court so treated it, and confined its decision to the errors specified. Whether it was obliged to do this is not material, as the court in any event proceeds on the record of the trial court for errors committed there. Exceptions in criminal cases occupy the same footing as in civil. *State* v. *Cantlin*, 118 Missouri, 111; *State* v. *Sacre*, 141 Missouri, 64; *State* v. *Wiley*, 141 Missouri, 274; *State* v. *Barton*, 142 Missouri, 450.

And it has been repeatedly laid down by the Supreme Court of Missouri in disposing of questions of jurisdiction as between itself and intermediate courts of appeal that : " The appellate jurisdiction of the Supreme Court contemplates a review only of the matters submitted to, and examined and determined by the trial court. Hence it is well settled that this court has no jurisdiction of an appeal, on the ground that a constitutional question is involved, unless the question was raised in and submitted to the trial court." *Browning* v. *Powers*, 142 Missouri, 322; *Bennett* v. *Railway Co.*, 105 Missouri, 645; *Shewalter* v. *Railway Company*, 152 Missouri, 551.

As we observed in *Jacobi's* case, p. 133, *ante*, we cannot interfere with the action of the highest court of a State in adhering to the usual course of its judgments, and we have frequently ruled that this court cannot review the final judgments of the state courts on the ground that the validity of state enactments under the Constitution of the United States had been adjudged where those courts " did nothing more than decline to pass upon the Federal question because not raised in the trial court as required by the state practice." *Erie Railroad Company* v. *Purdy*, 185 U. S. 148, 154.

This case falls within that rule, and the writ of error is

*Dismissed.*