## CHICAGO, INDIANAPOLIS AND LOUISVILLE RAILWAY COMPANY *v.* McGUIRE.

### ERROR TO THE APPELLATE COURT OF THE STATE OF INDIANA.

No. 69. Argued December 2, 5, 1904.—Decided Janury 3, 1905.

Where certain facts from which a Federal question might arise were argued in the state court, but their Federal character was not indicated, they cannot be made the basis of a writ of error.

Where a petition to transfer the case to the Supreme Court of the State, which contains a mere suggestion of the violation of a Federal right without any reference to the Constitution of the United States, is denied without opinion, this court may infer that the petition was denied because the constitutional point was not made in the courts below, and if it was considered, the burden to show it is on the plaintiff in error.

It is too late to set up a Federal question for the first time in the petition for writ of error to this court.

Because plaintiff in error relied solely for title upon a decree of foreclosure and sale in a Federal court it does not necessarily follow that a Federal question was set up and decided adversely, no statute, state or Federal, or authority thereunder, being called in question.

THIS was a suit in the nature of a bill in equity instituted in the Circuit Court for Pulaski County, by the railroad company, to quiet its title to certain land, and for an injunction. The case was tried before a jury and a verdict returned for the defendants, under instruction of the court.

Both parties claimed title through the Louisville, New Albany and Chicago Railway Company—plaintiff in error, which was also plaintiff below, through certain mortgages given by the New Albany Company in 1886, 1890 and 1894, which were foreclosed in the United States Circuit Court, and through which foreclosure and subsequent sale its title became vested—defendants, through a judgment recovered by McGuire September 24, 1896, in the Circuit Court of White County, against the New Albany Company for $2,416.30, upon which an execution was issued October 16, 1897, to the sheriff of Pulaski County, and a levy made upon the real estate in dispute. A sale was made November 13, 1897, to the defendant Hathaway, to whom a deed was executed by the sheriff November 23, 1898.

It was insisted by the plaintiff railroad company that the property in controversy was a part of the ground appurtenant to its station at Francesville, Indiana, and that the foreclosure and sale of the property of the New Albany road, through which it obtained its title, carried with it the title to the premises in dispute. The judgment of McGuire was obtained after the execution of the mortgages through which the plaintiff claimed its title. Defendants insisted that the disputed property was not embraced within the mortgages under the after-acquired property clause inserted therein, because entirely foreign to the operation of the railroad, and therefore could not have been embraced within the foreclosure and sale.

The Appellate Court of Indiana sustained their contention, held that the trial court was right in instructing the jury to return a verdict for the appellees, and affirmed its judgment. 31 Ind. App. 110. The Supreme Court denied a petition for review.

*Mr. Harry R. Kurrie*, with whom *Mr. E. C. Field* and *Mr. G. W. Kretzinger* were on the brief, for plaintiff in error, cited and distinguished in support of jurisdiction *Howard* v. *Fleming*, 191 U. S. 137; *Beals* v. *Cone*, 188 U. S. 184; *Leigh* v. *Green*, 193 U. S. 79; *Mallett* v. *North Carolina*, 181 U. S. 589; *Gableman* v. *Peoria &c.*, 179 U. S. 335; *Defiance &c.* v. *Defiance*, 191 U. S. 184; *Home for Incurables* v. *New York*, 187 U. S. 155; *Johnson* v. *New York &c.*, 187 U. S. 491; *Mutual Life* v. *McGrew*, 188 U. S. 291; *Bausman* v. *Dixon*, 173 U. S. 113; *West. Un. Tel. Co.* v. *Ann Arbor &c.*, 178 U. S. 239; *Pope* v. *Louisville &c.*, 173 U. S. 573; *Marrow* v. *Brinkley*, 129 U. S. 178; *Wedding* v. *Meyler*, 192 U. S. 573; *Wabash Railway* v. *Pearce*, 192 U. S. 179; *Cent. Nat. Bk.* v. *Stevens*, 169 U. S. 432, 460; *Crawford* v. *Burke*, 195 U. S. 176, and as to the proper presentation of the case in the state court, *Bane* v. *Keefer*, 152 Indiana, 544; *Terre Haute* v. *Fagan*, 21 Ind. App. 371; *Hedrick* v. *Hall*, 155 Indiana, 371.

*Mr. W. H. H. Miller* and *Mr. Maurice Winfield* for defendants in error.

Mr. JUSTICE BROWN, after making the foregoing statement, delivered the opinion of the court.

Motion is made to dismiss this writ of error upon two grounds, (1) That the supposed Federal question was not set up and claimed until too late. (2) That there is no Federal question in the case.

The motion must be sustained upon the first ground. The Federal question now put forward by the plaintiff is that the

Appellate Court failed to give full faith and credit to the foreclosure decree made by the Circuit Court of the United States and the sale in pursuance thereof, in refusing to hold that the mortgages foreclosed by said decree covered and included in their description of the property therein conveyed the real estate in controversy. This question, however, never seems to have been presented either to the court of first instance or to the court of appellate jurisdiction. It is true the question was argued at length as to what was intended to be covered by the description in the mortgages and by the foreclosure and sale, but the Federal character of this question was not indicated until after a petition for a rehearing in the Appellate Court had been overruled. Plaintiff then filed in the Supreme Court of the State a petition for the transfer of the cause to that court, and, as grounds for such transfer, insisted that the Appellate Court erred in holding that the property in controversy was after-acquired property, not used for railway purposes, and on this account was not within the mortgages upon which appellant's title was based, and that the court thereby "refused to give due effect to the judgment of the Federal court."

This petition appears to have been denied by the Supreme Court without an opinion. Doubtless, if that court had proceeded to pass upon this as a Federal question we should have held it sufficient, but it will be observed that the petition contained a mere suggestion of a violation of a Federal right, not the distinct presentation of a Federal question, and that no reference was made to the Constitution of the United States. *Oxley Stave Co.* v. *Butler County*, 166 U. S. 648. We are left to infer that the petition was denied because the point of constitutionality was not made in either of the courts below. The rule seems to be settled in Indiana, as in many other States, that the matter assigned in the Supreme Court of the State as error must have been properly presented in the court below and there adjudicated. *Coleman* v. *Dobbins*, 8 Indiana, 156, 164; *Priddy* v. *Dodd*, 4 Indiana, 84; *Wesley* v. *Milford*, 41

Indiana, 413; *Selking* v. *Jones*, 52 Indiana, 409; *Russell* v. *Harrison*, 49 Indiana, 97. This is also the practice in this court. *Cornell* v. *Green*, 163 U. S. 75, 80; *Ansbro* v. *United States*, 159 U. S. 695; *Pine River Logging Co.* v. *United States*, 186 U. S. 279, 289. If the Supreme Court did in fact consider the Federal question the burden was upon the plaintiff to show it. There is no presumption that the court considered such question. Under such circumstances we decline to review the constitutional question here. This was expressly held in *Jacobi* v. *Alabama*, 187 U. S. 133; *Layton* v. *Missouri*, 187 U. S. 356; *Spies* v. *Illinois*, 123 U. S. 131.

True, the Federal question was set up at length in the petition filed in the Appellate Court for a writ of error from this court, but that was clearly too late. *Fowler* v. *Lamson*, 164 U. S. 252; *Missouri Pacific Co.* v. *Fitzgerald*, 160 U. S. 556, 575; *Ansbro* v. *United States*, 159 U. S. 695.

In this connection the plaintiff in error urges upon us the proposition that, as it relied solely upon a title derived by a foreclosure and sale in a Federal court, the state court must necessarily have considered and decided that question, and that in such cases the Federal Constitution need not be specially set up and claimed. This argument would necessarily not apply to the Supreme Court of the State, which, as above indicated, might have held and probably did hold that the Federal question, not having been suggested in the court below, could not be made available on appeal. The Appellate Court did not discuss it. There are doubtless a few cases which hold that, where the validity of a treaty or statute or authority of the United States is raised, and the decision is against it, or the validity of a state statute is drawn in question, and the decision is in favor of its validity, and the Federal question appears in the record and was decided, or such decision was necessarily involved in the case, the fact that it was not specially set up and claimed is not conclusive against a review of such question here. *Columbia Water Power Company* v. *Street Railway Co.*, 172 U. S. 475, 488. But as the validity of

no statute, state or Federal, or authority thereunder, was called in question here, this rule does not apply. The true and rational rule stated by this court in *Bridge Proprietors* v. *Hoboken Co.*, 1 Wall. 116, 143, is clearly applicable: "That the court must be able to see clearly, from the whole record, that a certain provision of the Constitution or act of Congress was relied on by the party who brings the writ of error, and that the right thus claimed by him was denied." This case is the not infrequent one of an attempt to clutch at the jurisdiction of this court as an afterthought, when all other resources of litigation have been exhausted.

The Federal question, if any such existed, as to which we express no opinion, was not set up or claimed at the proper time, and

*The writ of error must, therefore, be dismissed.*