# COX v. TEXAS.
# COX v. THOMPSON.

ERROR TO THE COURT OF CIVIL APPEALS FOR THE THIRD SUPREME
JUDICIAL DISTRICT OF THE STATE OF TEXAS.

Nos. 266, 267. Argued April 27, 1906.—Decided May 21, 1906.

The provisions in the liquor tax law of 1895 of Texas in regard to the sale
of liquor to minors, and the liability of the licensee on the bond required
to be given in regard thereto, are not unconstitutional under the equal
protection clause of the Fourteenth Amendment because, by the terms
of the statute, they do not apply to wines produced from grapes grown
in the State while in the hands of the producers or manufacturers thereof,
it not appearing that there are any distinct classes of liquor dealers, one
selling their own domestic wines, and another selling all intoxicants
except domestic wines. *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S.
540, distinguished.

Where the constitutionality of a state statute is assailed in the state court
solely on the ground of its conflict with one specified provision of the
Fourteenth Amendment, and that Amendment standing alone does not
touch the case, other provisions of the Constitution cannot be invoked
in this court to give those set up a more extensive application.

THE facts are stated in the opinion.

*Mr. J. C. McReynolds,* with whom were *Mr. F. E. Albright,
Mr. E. C. Orrick, Mr. J. C. Terrell, Jr.* and *Mr. Dewey Lang-
ford,* on a separate brief, for plaintiffs in error:

The exemption from its general provisions of wines produced
from domestic grapes, while in the hands of producers or manu-
facturers, renders the law obnoxious to the equal protection
clause of the Fourteenth Amendment.

Intoxicating liquors are recognized by the constitution and
laws of Texas as legitimate articles of commerce.

So long as state legislation recognizes intoxicants as arti-
cles of lawful consumption and commerce, the Federal courts
must afford to such use and commerce the same measure

of protection, under the Constitution and laws of the United States, as is given to other articles. *Leisy* v. *Hardin,* 135 U. S. 100; *Scott* v. *Donald,* 165 U. S. 58.

The peculiar quality of alchoholic liquors justifies discrimination which may tend to temperance and sobriety but when that object is not really present the power to so discriminate does not exist. *Mugler* v. *Kansas,* 123 U. S. 623.

The State, without adequate reason therefor, has attempted to give a special privilege and exemption to producers and manufacturers of domestic grape wines, and has thereby denied the equal protection of the laws to all others engaged in like traffic. The distinction is not justified by the reason which must support the harsh restrictions imposed generally on liquor dealers—the necessity of mitigating the evils of intoxication; nor does it aid in enforcing the law in an administrative way or otherwise. Texas grape wines are not innocuous because peddled out by a manufacturer, and are no less deleterious to health and morals than similar wines from other States. To permit their unrestricted sale tends rather to defeat than to aid the purpose which must be relied on to support the general provisions of the law.

A classification is made which amounts to a discrimination and violates the equal protection clause of the Fourteenth Amendment. *Connolly* v. *Union Sewer Pipe Co.,* 184 U. S. 540.

The State could not, in a pure revenue measure, require dealers in foreign wines to pay a tax and operate under stringent regulations while exempting therefrom persons engaged in selling domestic wines. Revenue laws may sometimes properly discriminate between producers and dealers, but there must always be therefor some clear and adequate reason. *Gulf, Colorado &c. Ry.* v. *Ellis,* 165 U. S. 150.

*Mr. Charles K. Bell, Mr. R. V. Davidson,* Attorney General of Texas, and *Mr. Claude Pollard,* for defendants in error, submitted:

There is no inherent right in a citizen to sell intoxicating

liquors. It is not a privilege of a citizen of a State, or of a citizen of the United States which the States are forbidden to abridge. It is a right exercisable only subject to the police powers of the State. *Beer Co.* v. *Massachusetts,* 97 U. S. 25; *Battemeyer* v. *Louisiana,* 18 Wall. 129; *Mugler* v. *Kansas,* 123 U. S. 659; *Foster* v. *Kansas,* 112 U. S. 206; *Norton* v. *Jamison,* 154 U. S. 591; *Crowley* v. *Christensen,* 137 U. S. 86; *Giozza* v. *Tiernan,* 148 U. S. 657; *Kidd* v. *Pearson,* 128 U. S. 1.

The statutes in question are not repugnant to the Fourteenth Amendment.

The constitutional guaranties of the Fourteenth Amendment, that no State shall deny to any person within its jurisdiction the equal protection of the laws, were not intended to limit the subjects upon which the police power of a State may lawfully be exerted, for these guaranties have never been construed as being incompatible with the principle, equally vital, because so essential to peace and safety, that all property is held under the implied obligation that the owner's use of it shall not be injurious to the public. *Jones* v. *Brim,* 165 U. S. 180; *Powell* v. *Pennsylvania,* 127 U. S. 678.

The Fourteenth Amendment does not overthrow state laws, rights and remedies to the extent and purposes for which it is often cited. *Anderson* v. *Henry,* 45 W. Va. 319; *License Cases,* 5 How. 577; *American Sugar Ref. Co.* v. *Louisiana,* 177 U. S. 89; *Reymann Brewing Co.* v. *Brister,* 179 U. S. 445; *Barbier* v. *Connolly,* 113 U. S. 27.

The plaintiffs in error not being engaged in the sale of wines exclusively, but being also engaged in the sale of other intoxicating liquors than wines, cannot challenge the validity of the Texas statutes. *Tiernan* v. *Rinker,* 102 U. S. 123; *Powell* v. *State,* 69 Alabama, 13; *McCreary* v. *State,* 73 Alabama, 482; *Bogan* v. *State,* 84 Alabama, 450.

Mr. Justice Holmes delivered the opinion of the court.

These are two suits upon a statutory bond executed by the plaintiffs in error as principal and sureties. There were ver-

dicts and judgments against the plaintiffs in error, whereupon motions were made for new trials, setting up that the act under which the bond was given was contrary to the Fourteenth Amendment of the Constitution of the United States as denying to persons within the jurisdiction the equal protection of the law. The motions were overruled, and an appeal was taken to the Court of Civil Appeals. That court affirmed the judgments below, 85 S. W. Rep. 1199; 85 S. W. Rep. 34, a motion for a rehearing was overruled; an application for a writ of error was refused by the Supreme Court of the State, and thereupon the cases were taken to this court.

The bond in suit was given by a liquor seller and was conditioned, among other things, against selling intoxicating liquors to minors, or allowing minors to enter and remain in the obligor's place of business. The breaches found were breaches of the conditions recited. These suits were brought by the defendants in error respectively, the State of Texas, and the parent of the minor. They seem to have been tried together, and the records are so similar that they properly have been treated by counsel as one.

The Statutes of Texas provide for taxes on sellers of spirituous, vinous or malt liquors, or medicated bitters. Rev. Civil Sts. 1895, Arts. 5060*a*, 5060*b*. They require an application for a license, giving details, a payment of the annual tax as a condition of obtaining the same, and the giving of a bond like the one in suit. Arts. 5060*c*–5060*g*. See amendments, St. 1897, c. 158; 1901, c. 136. They also enact, however, that "the provisions of this chapter shall not apply to wines produced from grapes grown in this State, while the same is in the hands of the producers or manufacturers thereof." Art. 5060*i*. This article is thought to invalidate those which precede. The matters of discrimination relied upon are the tax and the requirement of the bond. It may be proper to add that there was a demurrer, setting up generally that the statute was unconstitutional because of this article, but until the motion for a new trial was made there was no sufficient setting up of a

defense under the Constitution of the United States. *Kipley* v. *Illinois*, 170 U. S. 182; *Layton* v. *Missouri*, 187 U. S. 356.

The main argument addressed to us was rested on the notion that the statutes discriminate unconstitutionally between two classes of persons in the State, naturally existing there, as in *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 540, there was a discrimination with regard to trusts in favor of producers and raisers of agricultural products and live stock. This argument seems to us a fallacy. Farmers and stock raisers are classes naturally existing in the community, carrying on distinct callings and not likely to be engaged in anything else. Hence, although farmers and stock raisers equally with others were prohibited from forming trusts for other purposes, to permit them to form trusts in their regular business was practically and in fact to discriminate between two classes and others. The case was discussed throughout on the footing of classification. But, so far as we know, there is no natural distinction of classes among liquor sellers—one class selling their own domestic wines alone, another selling all intoxicants except domestic wines. The statutes regulate the doing of certain things, which presumably all liquor sellers would prefer to be free to do. Therefore whatever other objections there may be to them they do not deny the equal protection of the laws by forbidding without justification to one what they permit to another class.

There is one slight qualification necessary to what we have said. It is true that there is granted to the producers and manufacturers of wine from grapes grown in Texas an immunity in respect of that wine which is not granted to other sellers of the same wine. To that extent, but to that extent alone, favor is shown to a class. But this is not the class discrimination put forward and insisted upon. The attack is not mainly on the distinction between producers and other sellers of domestic wine, but upon that between those producers and the sellers of other wine. The latter, as we have said, is not a true class distinction. Whether there is a difference in the scope of a State's general power to legislate and its power to tax or

not (*Kidd* v. *Pearson,* 128 U. S. 1, 26, *Connolly* v. *Union Sewer Pipe Co.,* 184 U. S. 540, 562, 563), the former does not need an extended defense so· far as the Fourteenth Amendment alone is concerned. See *American Sugar Refining Co.* v. *Louisiana,* 179 U. S. 89; *Reymann Brewing Co.* v. *Brister,* 179 U. S. 445; *St. John* v. *New York,* 201 U. S. 633.

That part of the Fourteenth Amendment which forbids· the abridgement of the privileges or immunities of citizens of the United States was not referred to or relied upon in the motion for a new trial or in the assignment of errors before the Court of Civil Appeals. It is mentioned for the first time in the assignment of errors before this court. *Chicago, Indianapolis & Louisville Ry. Co.* v. *McGuire,* 196 U. S. 128, 132. In view of the decisions we hardly suppose that the omission was by mistake. *Bartemeyer* v. *Iowa,* 18 Wall. 129; *Crowley* v. *Christensen,* 137 U. S. 86; *Giozza* v. *Tiernan,* 148 U. S. 657; *Cronin* v. *Adams,* 192 U. S. 108. The truth is that the Fourteenth Amendment does not touch the case, standing alone, and, if so, other provisions of the Constitution which were not invoked cannot be brought in now under cover of the reference to the Fourteenth Amendment to give the latter a more extensive application to the case than it would have when taken by itself. If the States were restricted by the Fourteenth Amendment only, and saw fit to encourage domestic production, or thought to promote temperance, or to help to secure pure wine, by statutes such as those before us, there would be nothing to hinder them. If the statutes are open to objection as improperly interfering with commerce among the States, *Tiernan* v. *Rinker,* 102 U. S. 123, *Walling* v. *Michigan,* 116 U. S. 446, the right which springs from Art. 1, § 8, of the Constitution cannot be used to enlarge for the purposes of this case the privileges and immunities or the equal protection of the laws secured by the Fourteenth Amendment. *Dewey* v. *Des Moines,* 173 U. S. 193, 198. The converse case of a right set up under Art. 1, § 8, and an attempt to support it by the Fourteenth Amendment, was decided in *Keokuk and Hamilton Bridge Co.* v. *Illinois,*

175 U. S. 626, 633. See further *Harding* v. *Illinois*, 196 U. S. 78, 86.

It is proper to say that Art. 1, § 8, is referred to in the assignments of error before the Court of Civil Appeals and before this court. But it does not appear that the Court of Civil Appeals dealt with the point and probably it refused to do so on the ground that the section was not relied upon before the trial court. We cannot say that it erred, even if it did, unless that ground is excluded. *Jacobi* v. *Alabama*, 187 U. S. 133; *Erie Railroad* v. *Purdy*, 185 U. S. 148. The case was argued before us on the Fourteenth Amendment alone, and although there is some slight reference to interference with commerce in one of the briefs, it is rather in aid of the argument based on *Connolly* v. *Union Sewer Pipe Company*, 184 U. S. 540, than as an independent point. At all events the question is not open here.

We believe that we have said enough to dispose of the cases. Whether, even if the statute is invalid as to wines made in other States, the bond may be valid, in view of the applications having extended to the sale of spirituous liquors, *Tiernan* v. *Rinker*, 102 U. S. 123, or otherwise, it is unnecessary to inquire.

*Judgments affirmed.*

MR. JUSTICE HARLAN, dissenting. I do not understand that the court modifies the principles announced in *Walling* v. *Michigan*, 116 U. S. 446, or in *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 540. In my judgment, those cases are applicable to and control this case, and require a reversal of the judgment below upon the ground that the statute of Texas is in violation of the Constitution of the United States. I therefore dissent from the opinion and judgment of the court. MR. JUSTICE BREWER and MR. JUSTICE BROWN concur in this dissent.