# THOMAS *v.* STATE OF IOWA.

ERROR TO THE SUPREME COURT OF THE STATE OF IOWA.

No. 533. Argued February 26, 1908.—Decided March 23, 1908.

In order to give this court jurisdiction under § 709, Rev. Stat., to review the judgment of a state court, the Federal question must be distinctly raised in the state court, and a mere claim, which amounts to no more than a vague and inferential suggestion that a right under the Constitution of the United States had been denied, is not sufficient—and so *held* as to an exception taken as to certain parts of the charge to the jury because in effect they deprived the accused of his liberty without due process of law.

It is too late to raise the Federal question for the first time in the petition for writ of error from this court or in the assignment of errors here.

Writ of error to review 105 N. W. Rep. 1130, dissmissed.

THE facts are stated in the opinion.

*Mr. Chester C. Cole* and *Mr. John T. Mulvaney* for plaintiff in error:

Federal questions arise upon the decision of the trial court, which was affirmed by the Supreme Court of Iowa, whereby the plaintiff in error was denied the right of trial by jury, contrary to the Fourteenth Amendment to the United States Constitution.

The guaranty of "due process of law" embraces a guaranty of the right of trial by jury, including the right to have the jury find every fact material or necessary to show the guilt and its degree of the crime charged against the accused. The crime charged against the plaintiff in error by the indictment was murder in the first degree, the penalty for which was more severe than for murder in the second degree or manslaughter, both of which were also included. The right to have the jury ascertain and determine the degree of the crime of which the plaintiff in error was guilty, if at all, is clear under the common law and the statute alike. The question of this right arose in the trial court, in connection with the instructions to the jury, and the trial court denied the right. On appeal to the Supreme Court of Iowa, the same questions were presented and argued and the ruling and judgment of the trial court were affirmed. *Crowell* v. *Randall,* 10 Pet. 368; *Armstrong* v. *Athens Co.,* 16 Pet. 281; *Murray* v. *Charleston,* 96 U. S. 750; *Roby* v. *Colehour,* 146 U. S. 153; *American Sugar Refining Co.* v. *Louisiana et al.,* 179 U. S. 89; *Columbia Water Power Co.* v. *Columbia Electric Street Ry., L. & P. Co.,* 172 U. S. 475.

The Iowa statute defining murder in the first degree has been rendered discriminatory and hence unconstitutional by reason of the interpretation and decisions as rendered thereon by the Supreme Court of Iowa; by virtue of such interpretation and

procedure, as based thereon, the plaintiff in error has been deprived of a fair and impartial hearing, due process of law and the equal protection of the laws as guaranteed by the Constitution of the United States and the constitution of Iowa.

*Mr. Charles W. Lyon*, with whom *Mr. H. W. Byers*, Attorney General of the State of Iowa, and *Mr. E. B. Evans* were on the brief, for defendant in error:

The Supreme Court of the United States will not review on writ of error the judgment or decree of the highest court of a State in respect to the construction of its own constitution and laws in a controversy not involving any Federal question, when the decision turned upon the construction, not the validity, of a state law, and the question of validity was not raised. Neither will it inquire into the grounds and reasons upon which the Supreme Court of a State proceeded in its construction of the statute and constitution of that State. *Commercial Bank* v. *Buckingham*, 5 How. 317; *Lloyd* v. *Matthews*, 155 U. S. 226 at 227; *McBride* v. *Hoey*, 11 Pet. 167; *Watts* v. *Washington*, 91 U. S. 586.

The instructions given were warranted by § 4728 of the Code, defining murder in the first degree. That being true, whatever objection plaintiff in error makes against the instructions would necessarily apply to the statute in question. This statute was in effect held by the opinion of the Supreme Court of Iowa, in the case at bar, not to have been in contravention of the provisions of the state constitution.

It is nowhere set out in the bill of exceptions that the charge of the court was against and in conflict with the Constitution or laws of the United States, and even though such allegation did appear in the record in this case, it would not be sufficient for the reason that such an allegation would be too indefinite to determine what clause in the Constitution, or what law of Congress may have been relied upon.

The attention of the court must have been called to the particular clause or clauses of the Constitution upon which plain-

tiff in error relied and the right he claimed under it, and the question thus presented must have been decided against him. *Morrison* v. *Watson*, 154 U. S. 111, 115, and cases there cited.

MR. JUSTICE MOODY delivered the opinion of the court.

This is a writ of error by which it is sought to reëxamine a judgment of the Supreme Court of the State of Iowa. The judgment affirms the conviction of the plaintiff in error of the crime of murder in the first degree. The Code of Iowa contains the following provisions:

"(4727) Whoever kills any human being with malice aforethought, either express or implied, is guilty of murder.

"(4728) All murder which is perpetrated by means of poison, or lying in wait, or any other kind of willful, deliberate and premeditated killing, or which is committed in the perpetration or attempt to perpetrate any arson, rape, robbery, mayhem or burglary, is murder in the first degree, and shall be punished with death, or imprisonment for life at hard labor in the penitentiary, as determined by the jury, or by the court, if the defendant pleads guilty.

"(4729) Whoever commits murder otherwise than as set forth in the preceding section is guilty of murder of the second degree, and shall be punished by imprisonment in the penitentiary for life, or for a term of not less than ten years.

"(4730) Upon the trial of an indictment for murder, the jury, if it finds the defendant guilty, must inquire, and by its verdict ascertain and determine the degree; but if the defendant is convicted upon a plea of guilty, the Court must, by the examination of witnesses, determine the degree, and in either case must enter judgment and pass sentence accordingly." Code of Iowa, 1897, Title XXIV, ch. 2, §§ 4727–30.

The count of the indictment upon which the verdict was returned alleged that the accused deliberately, premeditatively, and with malice aforethought murdered one Mabel Schofield by administering poison to her. The judge presiding at the

trial instructed the jury in substance that if they were satisfied that the accused administered poison to Mabel Schofield, unlawfully and with bad intent, and that she died from the poison thus administered, then they should find him guilty of murder in the first degree, although there was no specific intent to kill. This instruction was approved by the Supreme Court as a correct expression of the law of the State. With that aspect of the question we have nothing to do. But it is assigned as error and argued here that this instruction in effect withdrew from the jury the question of the degree of the murder, and to that extent denied the plaintiff in error a trial by jury, and therefore denied him due process of law in violation of the Fourteenth Amendment to the Constitution of the United States. Without intimating that upon this statement any Federal question is presented, we must first consider whether the question was raised in the court below in such a manner as to give us jurisdiction to consider it. There is nothing in the record to show that it was so raised. The plaintiff in error duly and seasonably excepted to the instructions complained of, but in no way was it then indicated (except as hereafter appears) that he claimed that any right under the Federal Constitution was impaired by them.

The judgment of the state Supreme Court does not contain the slightest allusion to any Federal question. The chief justice of the state Supreme Court, after the final judgment in that court, signed a bill of exceptions, which contains the following statement:

"Under the rules of practice in the Supreme Court of Iowa no assignment of errors is required or allowed; but the questions made and discussed by counsel on the hearing in the Supreme Court were such as arise upon the record, the exceptions and the motion in arrest, and for a new trial, as shown hereinbefore, and among them that the Court below erred in giving the jury each of the instructions set out in this bill of exceptions, and numbered, respectively, Two, Three, Four, Five and Six and Fourteen, and that by said instructions the said District Court

of Iowa in and for Polk County denied to this plaintiff in error the right of trial by jury, in that the Court, by said instructions, determined the degree of the crime of murder of which the jury should find the defendant guilty, if at all, whereas, by the common law and by the express statute of Iowa, the degree of the offense is a matter for the jury to determine, thereby in effect deprived the plaintiff in error of *his liberty without due process of law.*

"That upon the trial and hearing of the case in the Supreme Court of Iowa the parties, respectively, to wit, The State of Iowa, and also the defendant and appellant, Charles Thomas, by their respective counsel, submitted arguments, both in print and orally, wherein they discussed the question aforesaid, and all others arising upon the record."

The Federal question, if it can be found in the record at all, must be found in this statement. It is too late to raise it for the first time in the petition for writ of error from this court or in the assignments of error here. *Haire* v. *Rice,* 204 U. S. 291. All that appears in the statement is that exceptions were taken to certain parts of the charge to the jury, because they "in effect deprived the plaintiff in error of his liberty without due process of law"; and that the question thus raised was discussed before the Supreme Court of the State. But something more than this vague and inferential suggestion of a right under the Constitution of the United States must be presented to the state courts to give us the limited authority to review their judgments, which exists under the Constitution and is regulated by § 709 of the Revised Statutes. A mere claim in the court below, that there has been a denial of due process of law, does not of itself raise a Federal question with sufficient distinctness to give us jurisdiction to consider whether there has been a violation of the Fourteenth Amendment of the Constitution. See *Clarke* v. *McDade,* 165 U. S. 168, 172; *Miller* v. *Cornwall Railroad Company,* 168 U. S. 131, 134; *Harding* v. *Illinois,* 196 U. S. 78, 88.

*Writ of error dismissed.*