# BOWE *v.* SCOTT.

## ERROR TO THE SUPREME COURT OF APPEALS OF THE STATE OF VIRGINIA.

No. 360.   Argued May 6, 1914.—Decided May 25, 1914.

Where complainants duly asserted Federal rights in opposition to contemplated municipal action, the decision of the court below that they had no right to prevent such action because it was a public wrong which private parties had no right to redress, the Federal right asserted was denied and this court has jurisdiction to review the judgment.

A mere assertion in a state court of a right under the Constitution of the United States, in a petition for rehearing, affords no ground for invoking the jurisdiction of this court unless the court below, in dealing with the petition, considers and passes upon the Federal ground therein relied upon.

A mere allegation in the bill in a suit to enjoin enforcement of an ordinance, that the latter is unconstitutional because impairing the

obligation of a contract between the municipality and a third person not a party to the suit, is not such an assertion of Federal rights as will afford a basis for jurisdiction of this court under § 237, Judicial Code, to review the judgment dismissing the bill.

Where the state constitution contains a due process of law clause, an averment that contemplated action of a municipality would deprive complainant of his property without due process of law, without making reference to the Constitution of the United States or asserting express rights thereunder, is referable to the state constitution alone and affords no basis for invoking the jurisdiction of this court under § 237, Judicial Code.

Writ of error to review 113 Virginia, 499, dismissed.

THE facts, which involve the jurisdiction of this court under § 237, Judicial Code, and what constitutes raising the Federal question in the state court, are stated in the opinion.

*Mr. Richard Evelyn Byrd* and *Mr. David Meade White* for plaintiffs in error.

*Mr. Legh R. Page* and *Mr. John S. Eggleston,* with whom *Mr. John P. Leary* was on the brief, for defendants in error.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

To an understanding of this case we outline the situation of the property in controversy:

Shafer owned a tract of land which came to be within the limits of the City of Richmond, bounded on the north by Franklin Street, on the south by Park Avenue, on the east by Shafer and on the west by Harrison Streets. He dedicated to public use by deed in due form which was accepted by the city, a public alley 20 feet wide, crossing from Shafer to Harrison Street at a distance of about 150 feet south of Franklin Street, the alley being therefore between Franklin and Park Avenue. All the plaintiffs but

one owned lots fronting on the south side of Franklin Street running back and abutting on this alley. The exception was Bolton, whose property faced on Harrison Street and was at the corner of that street and the alley. East of the lots fronting on Franklin Street owned by the plaintiffs in error, that is nearer Shafer Street than were such lots, the defendants in error, Scott and Myers, also owned lots on the south side of Franklin Street running back to the alley. They also owned property back of the alley and which extended a considerable distance between parallel lines towards Park Avenue. The City of Richmond passed an ordinance allowing Scott and Myers to close the alley along the line of their property for a period of thirty years upon the condition that they should not build upon it, that the right to keep it closed should be revocable by the city whenever it deemed best and that the city should be held harmless for any damage which might be incurred from closing the alley. As the result of this ordinance the direct movement between Harrison and Shafer Streets by means of the alley was cut off, but as the right to close only extended along the abutting lines of the Scott and Myers property, the alley remained open along the space where the property of the plaintiffs in error abutted and hence did not disturb their direct access to Harrison Street, and also did not deprive of access to Shafer Street as there were other alleys opening into the twenty-foot alley between Harrison Street and the point where the alley was closed by which this result could be accomplished.

The plaintiffs in error then began this suit against the defendants in error to enjoin the enforcement of the ordinance on the ground that as the alley in question had been dedicated to the public by Shafer and had been accepted by the city and treated as a public alley for many years, the city was without power to grant the right to close it and that doing so would wrongfully inflict damage upon

the plaintiffs as the owners of the property abutting on the alley for reasons which were fully stated in the bill and which it is unnecessary here to detail.

The prayer was that the ordinance be declared null and void and for an injunction enjoining the defendants from closing any portion of the said public alley "so as to obstruct the free passage of your complainants and the public through the said alley." Demurrers were sustained by the court of original jurisdiction among others upon the ground that "conceding for the moment that the ordinance of the City of Richmond challenged in the bill is wholly void; yet this is an attempt made by private individuals to enjoin a public nuisance where the complainants do not show that they had suffered any special or peculiar damage." The bill was dismissed.

The Court of Appeals in affirming the case said (113 Virginia, 499, 500):

"Speaking generally, the obstruction of a public highway is a public nuisance, and the trend of authority is that an individual cannot maintain a bill to enjoin such nuisance unless he can show that he has suffered, or will suffer therefrom, special and peculiar injury or damage to himself, as distinguished from injury or damage to the general public. Moreover, such special and peculiar injury or damage must be direct, and not purely consequential, but must be different in kind, and not merely in degree, from that sustained by the community at large."

And, referring to the opinion of the lower court, it was said (p. 501):

"The learned chancellor, in a clear and conclusive opinion, shows that though the injury to the plaintiffs, as stated in the bill, may be greater than that sustained by other persons living more remote from the scene of the obstruction, such injury is, nevertheless, greater in degree only, and not in kind. Therefore, under the authorities, the

bill does not state a case of such special injury as would entitle the plaintiffs to an injunction. . . .

"Concurring, as we do, in the ruling of the court sustaining the demurrer to the bill, it becomes unnecessary, and would, indeed, be improper, to express any opinion with respect to the validity of the ordinance, or the right of the public to redress the alleged invasion of their prerogative by prosecution, or other appropriate remedy, for a common nuisance."

The case is here upon the assumption that we have jurisdiction because Federal rights are involved, which hypothesis is challenged by a motion to dismiss which we at once come to consider.

The grounds of the motion are, first, that as the court below rested its decision upon the want of right of the plaintiff to prevent the closing of the alley because such closing was in any event a public wrong which under the circumstances the complainants had no right to redress, the case below was decided upon a state ground which was independent of any assumed assertion of Federal right, and there is hence no jurisdiction. We do not stop to notice the many authorities which are cited to sustain from many different angles of vision the premise upon which the proposition rests because we think its inapplicability to the case in hand is so obvious that it is unnecessary to do so. This conclusion is evident because upon the assumption that Federal rights were asserted, the contention of the complainants was that they had such an interest in the property or were so peculiarly and especially damaged that they had a right to prevent the closing of the alley which could not be taken from them without depriving them of their Federal rights. This being true, as it undoubtedly is, it follows that the decision of the court below under the hypothesis stated, amounted to a denial of the existence of the Federal rights which were adequately asserted. And from this it follows that the proposition

now relied upon when rightly considered comes to this, that jurisdiction to enforce and protect a Federal right obtains in no case where such Federal right has been denied.

Second. It is further urged that be this as it may there is no jurisdiction because no assertion of rights under the Constitution was made below until the petition for rehearing which was too late and the tardiness of which was not saved by the action of the court since it simply declined to grant the rehearing without deciding the questions presented as the basis of the request for rehearing. As it is elementary that a mere assertion in a state court of a right under the Constitution of the United States in a petition for rehearing affords no ground for invoking the jurisdiction of this court unless the court below in dealing with the petition for rehearing considers and passes upon the Federal ground therein relied upon, we dismiss that subject from view and come to consider whether the record otherwise discloses that a Federal question was so raised below as to support our jurisdiction. The contention that it was, can alone rest upon two paragraphs in the bill as originally filed in the trial court, the one, No. 13, to the following effect:

"Complainants charge and aver that the said ordinance is null and void because it is in conflict with section 10, Article 1, of the Constitution of the United States; that it impairs the obligation of a contract between the said John C. Shafer, who dedicated the land as and for a public alley to the City of Richmond which alley was accepted by the City of Richmond as an alley for public use."

As at best there was no averment in the bill of any contract made with the complainants or any privity between them and Shafer, it cannot possibly be said that this averment amounted to the assertion of the existence in favor of the complainants of a contract protected by the Constitution from impairment. As the one party to the con-

tract, Shafer, was not before the court and was not suing either through himself or by anyone qualified to represent him or having a legal right in his behalf to assert his contract rights; and as the other party to the contract was the City of Richmond, one of the defendants, the entire want of foundation for the assumption that the bill presented a case of impairment of the obligation of a contract within the guarantee of the Constitution of the United States becomes obvious. Besides, we think the conclusion cannot be escaped that when the paragraph in question is considered in the light of the context of the bill, it is conclusively inferable that the averment in the paragraph of an alleged contract between Shafer and the city was not asserted because of the assumed presence of rights under the Constitution in that regard, but solely as a means of stating in another form the want of power in the city to close the alley because as the result of the contract with Shafer it was bound to treat it as a public alley and not close it. And this is reinforced by the fact that no reference to any right under the contract clause is found in the opinion of the trial court, that no suggestion by way of amendment making clear the assertion of a Federal right found expression in an application which was made to amend the bill after the case had been decided, that no assertion of such right was contained in the assignments of error for the purpose of the review by the Court of Appeals although the paragraph in question was referred to in the argument filed to support the assignments as made, and for the further reason that no intimation whatever is contained in the opinion of the Court of Appeals that it deemed that a question under the contract clause of the Constitution arose for decision.

The other passage in the bill is found in subdivision "c" of the tenth paragraph, and is as follows: "That the ordinance is an attempt to take from your complainants whose property adjoins and abuts upon the said alley

their rights in and to said alley without due process of law." But it is settled that such an averment making no reference to the Constitution of the United States and asserting no express rights thereunder is solely referable to the state constitution, which in this instance has a due process clause, and affords no basis whatever for invoking the jurisdiction of this court. *Miller* v. *Cornwall R. R. Co.,* 168 U. S. 131, 134; *Harding* v. *Illinois,* 196 U. S. 78.

As from what we have said it results that there is no foundation whatever for the claims of Federal right relied upon as the basis for invoking the jurisdiction of this court since such claims are so wholly unsubstantial and frivolous as to be devoid of any merit, it follows that we have not jurisdiction and the writ of error must be dismissed.

*Dismissed for want of jurisdiction.*