248 S.W.2d 592 (1952)
STATE ex rel. HOUSER, Atty. Gen.
v.
ST. LOUIS UNION TRUST CO. et al.
No. 42392.
Supreme Court of Missouri, Division No. 2.
March 10, 1952.
Motion for Rehearing or to Transfer to Denied May 12, 1952.
*593 Rassieur, Long & Yawitz and Chas. D. Long, all of St. Louis, Milton Yawitz, Robert H. Batts, St. Louis, of counsel, for appellant.
E. Miltenberger Cain, St. Louis, Walter H. Miller, Asst. Inheritance Tax Atty., Los Angeles, Cal., of counsel, for respondent.
Motion for Rehearing or to Transfer to Court en Banc Denied May 12, 1952.
BOHLING, Commissioner.
The State of California at the relation of Fred N. Houser, Attorney General of the State of California, instituted this suit against St. Louis Union Trust Company, a corporation, Trustee under a certain Indenture of Trust made by Mary Agnes Rogers, late of Los Angeles, California; Albert J. Rogers; Clara Fletcher Rogers, Administratrix of the Estate of Hugh Rogers, Deceased; Hugh Fletcher Rogers; William Edward Rogers; and Bellefontaine Cemetery Association, a corporation, for a judgment in the amount of California inheritance tax left unpaid after the probate estate in California of Mary A. Rogers, Deceased, had been exhausted. The trial was to the court and a judgment was entered in favor of plaintiff and against "defendant St. Louis Union Trust Company, a corporation, trustee under a certain Indenture of Trust made by Mary Agnes Rogers, late of Los Angeles, California," for $5,023.61 ($4,305.95 unpaid tax plus $717.66 interest) and costs, "to be paid out of the corpus of said trust estate"; and plaintiff's claim against all the other defendants was dismissed.
Defendant St. Louis Union Trust Company (hereinafter designated Trust Company) has appealed, and asserts jurisdiction is here because the case involves the construction of § 1 of the 14th Amendment of the Constitution of the United States, and Art. 1, § 10, of the Constitution of Missouri for 1945, V.A.M.S.
The facts material here as alleged in the petition are to the following effect. One Mary A. Rogers executed an Indenture of Trust on July 8, 1936, naming defendant Trust Company as trustee and the other defendants contingent beneficiaries; the trust instrument providing that said grantor was to receive the net income from said trust estate for life and also that said grantor reserved the right to alter, or amend, or revoke the terms of said agreement in whole or in part, which said provisions subjected said trust estate to the Federal estate tax law, 26 U.S.C.A. § 800 et seq., and the California inheritance tax law, Revenue and Taxation Code Cal. § 13301 et seq. Mary A. Rogers died on June 14, 1945, a citizen and resident of Los Angeles County, California, having moved her residence and domicile from St. Louis in 1920. The fair market value of the assets of said trust estate in the hands of said Trust Company was $97,614.90 on June 14, 1945, and consisted of intangible property, stocks and bonds. The last will and testament of Mary A. Rogers was probated in the Superior Court of Los Angeles County, California, and her estate in California was administered by the Public Administrator of said county. Under proceedings had in conformity with the applicable laws, Federal *594 estate taxes in the amount of $5,594.26 and California inheritance taxes, following a report of the inheritance tax appraiser and the order, judgment and decree of said Superior Court, in the amount of $6,230.96 were found due the State of California out of the estate of said Mary A. Rogers, Deceased. The payment of said Federal estate tax and $1,881.21 on the inheritance tax due the State of California exhausted the assets in the hands of said administrator. There were no persons or property subject to process of the courts of California for the collection of the deficiency of $4,349.75, principal amount, and interest, on the inheritance tax due the State of California. Plaintiff instituted the instant suit in the Circuit Court of St. Louis County against the individual defendants for the balance of said unpaid inheritance tax, apportioned to and due from the respective defendants, "and against defendant St. Louis Union Trust Company, as trustee and transferee" for the total of said deficiency and interest.
The defendants joined in one answer. They denied that Mary A. Rogers had moved her residence and domicile from the city of St. Louis, Missouri; and alleged, among other things, that said Superior Court of the County of Los Angeles, State of California, was without jurisdiction over the assets of the trust estate in the possession of defendant Trust Company and was without jurisdiction over the person of any of the individual or corporate defendants; that the "alleged judgment for inheritance taxes" was null and void and of no effect on the defendants (referring to the Report of Inheritance Tax Appraiser and the Order of the Superior Court of the State of California assessing the inheritance tax in the estate of Mary A. Rogers, Deceased) because said court was without jurisdiction over defendants or the property comprising the trust estate; "and defendants further state that said alleged judgment was without due process of law;" and that the Circuit Court of the County of St. Louis was without jurisdiction to enforce the claim of plaintiff, that no provision or procedural machinery existed for said court to assess or determine inheritance taxes alleged to be due from defendants to the State of California.
The point (there were no assignments of error) in defendant-appellant's brief here involved reads:
"The California judgment entered in the Superior Court administering the Estate of Mary Agnes Rogers, Deceased, was not res judicata or binding upon any of the defendants in this cause and could not support an action here as a valid foreign judgment.
"A. Inasmuch as the original judgment had been entered without due process of law, its admission into evidence by the trial court and its use as a basis for the Missouri judgment had the effect of depriving defendants of their property without due process of law."
At the argument on submission the question whether this court had jurisdiction of the appeal was raised and, obtaining leave, defendant filed a reply brief which undertakes to demonstrate a constitutional question was raised at the first opportunity and thereafter kept alive. City of St. Louis v. Butler Company, 358 Mo. 1221, 1227[4, 5], 1233[7], 219 S.W.2d 372, 376[5, 6], 380. Issues submitted in an appellant's brief on original submission are not to be enlarged by presentations in a reply brief as a respondent is entitled to an opportunity to answer an issue presented by an appellant. Nemours v. City of Clayton, 351 Mo. 317, 172 S.W.2d 937, 939[13]; Cech v. Mallinckrodt Chemical Co., 323 Mo. 601, 20 S.W. 2d 509, 516[13]. Consult West Mo. Dig., Appeal & Error, 762.
Defendant relies on that portion of City of St. Louis v. Friedman, 358 Mo. 681, 685, 216 S.W.2d 475, 477[3], wherein a constitutional issue was considered raised in the answer with sufficient clearness to disclose the provisions attempted to be invoked although the article and section numbers were not stated. From a reading of all the opinions in City of St. Louis v. Butler Co., supra, it appears that the holding in the Friedman case was modified to the extent of the observations in the Butler Company case at 358 Mo. loc.cit 1227[5], 1232, 219 S.W.2d loc.cit. 376[5, 6], 380. For instance, *595 court en banc said 358 Mo. loc.cit. 1232 and 219 S.W.2d loc.cit. 380, respectively: "We must have a workable legal rule in this state on the enigmatic doctrine of inherency and the only way to get it is to eliminate the doctrine. * * * The party raising or relying on a constitutional question should cite the constitutional provision relied on by article and section number, and state his reasons as held in the Robinson-Nick case, supra, 345 Mo. [305] loc.cit. 309[5], 134 S.W.2d [112] loc.cit. 115 [11], or that decision and others of like tenor should be overruled. If we take the position that the foregoing requirement need not be enforced literally, as was ruled in the Dye case [Dye v. School District, 355 Mo. 231, 236[2], 195 S.W.2d 874, 876[3] ], and the Friedman case, supra * * *, then it will be a question for the court to decide in each case."
Our holdings respecting the presentation of issues in a brief upon appeal are in harmony with the foregoing. Rule 1.08, relating to briefs and their contents 2 Mo.R.S. 1949, p. 4100, provides, so far as material: "(a) All briefs shall be printed. The brief for appellant shall contain: * * (3) The points relied on, which shall specify the allegations of error, with citation of authorities thereunder; provided, however, if more than three authorities are cited in support of a point made, the three authorities principally relied on shall be cited first; and (4) An argument." See Mo.Const. 1945, Art. 5, § 5; R.S. 1949, § 512.150, V.A.M.S. This contemplates, as did the former rules, Rule 15, 351 Mo.appendix iii, 198 S.W. vi, and statutes, R.S. 1939, §§ 1197, 1226, 2087, a particularization in statement of the points relied on and the citation of authorities to the specific points to which they apply, otherwise the preservation of controverted issues might well be limited to the argument. Donovan v. Kansas City, 352 Mo. 430, 449[6], 175 S.W.2d 874, 884 [20], and, on transfer to Banc, 352 Mo. loc. cit. 450, 179 S.W.2d loc.cit. 108, where, briefed anew, the constitutional issue was "fully presented." See also Meierotto v. Thompson, 356 Mo. 32, 201 S.W.2d 161, 165[4]; Scott v. Missouri Pac. R. Co., 333 Mo. 374, 62 S.W.2d 834, 840[17, 18]; Aulgur v. Strodtman, 329 Mo. 738, 46 S.W.2d 172, 173[3, 4]; Carver v. Missouri-K.-T. R. Co., Mo.Sup., 245 S.W.2d 96, 102[11], citing cases.
Issues involving a construction of the constitution are of a grave nature, are not to be masked or lightly raised, and their mere assertion does not serve to vest appellate jurisdiction here. Bealmer v. Hartford Fire Ins. Co., 281 Mo. 495, 220 S.W. 954, 957[4]. "The section of the constitution which has been violated must be designated and the facts which constitute such violation must be narrated." Robinson v. Nick, 345 Mo. 305, 309[5], 134 S.W.2d 112, 115[11]. City of St. Louis v. Butler Co., supra; Lohmeyer v. St. Louis Cordage Co., 214 Mo. 685, 688, 113 S.W. 1108, 1109; State v. Nece, Mo.Sup., 248 S.W. 963.
Averments of a general nature or legal conclusions do not present an issue involving the construction of the constitution, Federal or State, so as to vest appellate jurisdiction in this court. This has been applied to allegations: "That to enforce the tax bills would deprive appellants of their property without compensation in violation of section 30 of article 2 of the Constitution [the due process clause]." City of Marshfield ex rel. to Use of Hasten v. Brown, 337 Mo. 1136, 88 S.W.2d 339, 341[4]. "`Said ordinance is also unconstitutional and void and the title thereof defective so that it deprives plaintiffs of rights and property without due process of law as guaranteed by section 30 of article II of the Constitution of the State of Missouri.'" McGill v. City of St. Joseph, Mo. Sup., 31 S.W.2d 1038, 1039, 1040[4]. See, among others, Beck v. Kansas City Public Serv. Co., Mo.Sup., 37 S.W.2d 589, 590[2]; Metzger v. Metzger, Mo.Sup., 145 S.W.2d 380, 384[4, 5]; Bieser v. Woods, 347 Mo. 437, 147 S.W.2d 656, 659[4]; Robinson v. Nick, 345 Mo. 305, 134 S.W.2d 112, 114[5].
The allegations in defendant's brief that the California judgment "was not res judicata or binding upon any of the defendants in this cause and could not support an action here as a valid foreign judgment" and "inasmuch as the original judgment had been entered without due process of law" are legal conclusions and under the *596 authorities are insufficient to vest appellate jurisdiction here. The charge that the Missouri judgment deprives defendant of its property without due process of law is likewise insufficient. The facts are not specified as to how or in what manner the California judgment violated constitutional provisions. The Missouri court had jurisdiction of defendant and if error occurred in the admission of evidence the instant charge does not establish that the ruling constituted a denial of constitutional rights rather that a mere error in ruling. "Due process of law does not assure a litigant * * * against a judicial error in respect to the admission or exclusion of evidence." O'Brien v. O'Brien, 294 Ky. 793, 172 S.W. 2d 595, 609[26,27], and Federal cases there cited. 16 C.J.S., Constitutional Law, § 589, p. 1182, § 621, p. 1264.
Referring to the record for the objections to the evidence called to our attention by defendant, we find no express reference to the constitution, and consequently to no section or article of any constitution. The California judgment was pleaded in the petition and a copy attached thereto as an exhibit. We think defendant's first opportunity to raise a constitutional issue was in the answer. The averment in the answer "and defendants further state that said alleged judgment was without due process of law" is a legal conclusion.
We conclude we do not have jurisdiction of this appeal. Accordingly, the cause is transferred to the St. Louis Court of Appeals.
WESTHUES and BARRETT, CC., concur.
PER CURIAM.
The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.
All concur.
On Motion for Rehearing or for Transfer to Banc.
PER CURIAM.
In its motion for rehearing or, in the alternative, to transfer to court en banc, appellant-defendant presents the point, among others, that: "A Federal question having been sufficiently stated to satisfy the standards of the United States Supreme Court, then for this court to refuse to consider that question and so to deny jurisdiction is a denial of due process of law under the Fourteenth Amendment of the Constitution of the United States."
A sufficient answer to this contention is that the allegation in defendants' answer ("and defendants further state that said alleged judgment was without due process of law"), making no reference to the Constitution of the United States, is considered by the United States Supreme Court as solely referable to the state constitution. Thomas v. Iowa, 209 U.S. 258, 263, 28 S.Ct. 487, 52 L.Ed. 782; Bowe v. Scott, 233 U.S. 658, 664, 34 S.Ct. 769, 58 L.Ed. 1141, citing cases; Wilson v. McLane, 279 U.S. 822, 49 S.Ct. 351, 73 L.Ed. 976; Armour & Co. v. New York, N. H. & H. R. Co., 250 U.S. 651, 40 S.Ct. 12, 63 L.Ed. 1189. See also Layton v. Missouri, 187 U.S. 356, 23 S.Ct. 137, 47 L.Ed. 214, and cases cited; Kipley v. Illinois, 170 U.S. 182, 18 S.Ct. 550, 42 L.Ed. 998; Herndon v. Georgia, 295 U. S. 441, 55 S.Ct. 794, 79 L.Ed. 1530; Pennsylvania R. Co. v. Illinois Brick Co., 297 U. S. 447, 461(3), 56 S.Ct. 556, 80 L.Ed. 796; Erie R. Co. v. Purdy, 185 U.S. 148, 22 S. Ct. 605, 46 L.Ed. 847; 51 Am.Jur. 850, § 217, n. 9; 10 Cyclopedia, Fed.Proc., 2d ed., 382, § 4980, n. 39. We need not develop other possible grounds for not allowing the contention.
The other issues presented are covered in the opinion.
The motion is overruled.